ANOUSH HAKIMI (State Bar No. 228858)
anoush@handslawgroup.com
PETER SHAHRIARI (State Bar No. 237074)
peter@handslawgroup.com
ANI AVETISYAN (State Bar. No. 266679)
ani@handslawgroup.com
LAURA STEVEN (State Bar. No. 332168)
laura@handslawgroup.com

**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028

Telephone: (888) 635 - 2250
Facsimile: (213) 402 - 2170

Attorneys for Plaintiff,
**GEORGE JONES**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JONES, | Case No.: |
| Plaintiff, | |
| v. | |
| CAMDEN JOONZ, LLC, a California Limited Liability Company; and DOES 1-10, | **COMPLAINT FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*; UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*** |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

**Most Senior Americans will become disabled at some point in life.**

COMPLAINT

Plaintiff George Jones (hereinafter referred to as "Plaintiff"), complains Camden Joonz, LLC, a California Limited Liability Company; and Does 1-10 (each, individually a "Defendant" and collectively "Defendants") and alleges as follows:

## I.    PARTIES

1.    George Jones is hemiplegic because of brain strokes. He has lost function on the left side of his body, his dominant side.  He relies on a cane and sometimes walker. He has difficulty using his upper body and lower body. Plaintiff has difficulty walking and pushing or pulling objects. Plaintiff has been issued a blue permanent disability Disabled Person Parking Placard by the State of California. Plaintiff is qualified as being disabled pursuant to 42 USC Section 12102(2)(A), the California Unruh Civil Rights Act, Sections 51, et seq. and 52, et seq., and other statutory laws which protect the rights of "disabled persons". Plaintiff is a California resident with physical disabilities.

2.    Defendant Camden Joonz, LLC, a California Limited Liability Company; owned the property ("Property") located at 7421 S Broadway, Los Angeles CA 90003 at all relevant times.

3.    There is a business establishment on the Property known as "Happy Bargain" (hereinafter "the business").

4.    DOES 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles and/or representatives of Defendants. Plaintiff is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 10, inclusive, and therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

5.      Plaintiff alleges that Defendants at all times have been and are relevant to this cause of action, the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, represent partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining defendants.

6.      Plaintiff visited the public accommodations owned and operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages or accommodations operated and/or owned by Defendants.

## II.      JURISDICTION & VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (the "ADA").

8.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the ADA.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiffs cause of action arose in this district.

## III.    FACTS

10.     The Property owned by Defendants is a facility which is open to the public and is a business establishment.

11.     Plaintiff alleges that the Property has been newly constructed and/or underwent remodeling, repairs, or alterations since 1992, and that Defendants have

failed to comply with California access standards which applied at the time of each new construction and/or alteration or failed to maintain accessible features in operable working condition.

12.     Plaintiff visited the Property during the relevant statutory period on three 3 separate occasions, in September 2020, October 2020, and November 2020 to patronize the businesses on the Property.

13.     Defendants did not offer persons with disabilities with equivalent facilities, privileges and advantages offered by Defendants to other patrons.

14.     Plaintiff encountered barriers (both physical and intangible) that interfered with – and denied – Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the Property.

15.     Parking for patrons visiting the Property are among the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

16.     However, there is no accessible parking for disabled persons. Not one single space. The parking spaces do not comply with the Americans with Disabilities Act ("ADA").

17.     The parking area does not comply with the latest California Building Codes ("2010 CBC Code").

18.     Parking are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Property.

19.     When Plaintiff visited the Property, he experienced access barriers related to parking, paths of travel, entrance, and interior space.

20.     Plaintiff encountered the following barriers at Defendant's Property:

**Happy Bargain and the Property it sits on requires tremendous work. The entire parking area and paths of travel have slopes, and damaged**

4

**ground with cracks and uneven surfaces. The parking space and adjacent loading/unloading access aisle have uneven surfaces with slopes and cracks, missing elements such as accessible parking signs, and faded paint. Infront of the store there is an International Access Symbol which is not a designated disabled parking space. This makes it confusing for Plaintiff and other patrons. Inside the store there are many narrow aisles obstructed with displays and products. The ground surface in the store also has many areas that are not flush.**

**VIOLATION of 2010 CBC § 1127B.1.** (<u>No accessible exterior route.</u>)

There was no accessible path of travel into the store's entrance.  There is no safe way for Plaintiff to travel from the parking area to the entrance of the Property.

**VIOLATION of 2010 CBC § 1127B.1.** (<u>No accessible exterior route.</u>)

There is no accessible path of travel into the store's entrance.  There is no safe way for Plaintiff to travel from the parking area to the entrance of the Property.

**VIOLATION of 2010 CBC § 1127B.1; 1991 ADAS § 4.6.2(1).**

(<u>Directional signage.</u>)  There is no directional signage showing an accessible path of travel.

**VIOLATION of 2010 CBC § 1129B.4.**  (Off-street unauthorized parking sign.)  The tow away sign(s) (white sign stating that "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES … WILL BE TOWED AWAY")  must be posted in a conspicuous place at each entrance to an off-street parking lot (facility), or immediately adjacent to and visible from each designated parking stall (space). The requisite sign(s) are not posted.

**VIOLATION of 2010 CBC § 1129B.4.**  (Off-street unauthorized parking sign – towed vehicle information.)  The tow away sign (white sign stating that "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES … WILL BE TOWED AWAY") does not state the required information regarding the tow company and telephone number.

**VIOLATION of 2010 ADAS 403.3.** (Path of travel- cross slope.) The cross slope of the accessible path of travel is greater than two (2) percent.

**VIOLATION of 2010 CBC § 1129B.3; 1991 ADAS § 4.6.3; 2010 ADAS § 502.2.** (Faded paint – accessible space lines.) The paint used for the designated accessible parking space is so worn and aged that it cannot be

seen. This makes it unclear where the actual parking space is. The required width dimensions are not painted as required. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Width of space). The parking space designated for disabled persons measures less than nine (9) feet wide. This makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1129B.3; 2010 ADAS § 502.2.** (Length of space.) The designated disabled parking space measures less than eighteen (18) feet long, which makes it difficult for Plaintiff to park in the designated space.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.6.8.** (Abrupt changes in level.) The path of travel from the space reserved for disabled patrons has an uneven ground surface with changes in level exceeding one-half inch.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (Slope of parking space.) The parking space reserved for disabled

patrons has surface slopes in it that are greater than two (2) percent.

**VIOLATION of 2010 CBC § 1129B.3.4; 1991 ADAS § 4.6.3; 2010 ADAS § 502.4.** (<u>Slope of adjacent access aisle.</u>) The adjacent loading/unloading access aisle for the space reserved for disabled persons has surface slopes in it that are greater than two (2) percent.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3; 2010 ADAS § 4.6.3.** (<u>Length of adjacent access aisle.</u>) The adjacent access aisle to the designated disabled parking space is less than eighteen (18) feet long. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 1991 CA Title 24 § 1129B.4.2; 2010 CBC § 1129B.3; 2010 ADAS § 4.6.3.** (<u>Width of adjacent access aisle.</u>) The adjacent loading/unloading access aisle to the designated disabled parking space is less than five (5) feet wide. This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2016 CBC 11B § 502.3.3.** (<u>Access aisle is not outlined</u>

<u>with a blue border.</u>) The access aisle is not marked with a blue painted borderline around its perimeter.

**VIOLATION of 2010 CBC § 1129B.3.1; 1991 ADAS § 4.6.3; 2010 ADAS § 502.3.** (<u>No loading/unloading access aisle.</u>) The adjacent loading/unloading access aisle for the accessible parking space is missing entirely.  This makes it difficult for Plaintiff to use the adjacent space to safely disembark from the car.

**VIOLATION of 2010 CBC § 1129B.4.** (<u>Surface signage.</u>) The paint used for the designated accessible parking spaces is faded and cannot be seen. There is no compliant surface signage at the designated disabled parking space. The International Access Symbol is so faded and worn that it cannot be read. The street surface (pavement) signage is unreadable because the paint has faded.

**VIOLATION of 2010 CBC § 1129B.3.1.**  (<u>"NO PARKING" – ground surface sign.</u>)  The words "NO PARKING" is fading from the adjacent loading/unloading access aisles.  As a result, non-disabled patrons park in the loading/unloading access aisles, blocking Plaintiff from being able to use the access aisles.  Cars and trucks park or block the access aisles because the paint is faded and difficult to read.

**VIOLATION 2010 CBC § 1129B.4; 1991 ADAS § 4.6.4; 2010 ADAS § 502.6.** (Sign missing – accessible parking space.) The sign identifying the designated disabled accessible parking space is missing entirely.

**VIOLATION 2010 CBC § 1129B.4.** (Sign missing – $250 fine.) The sign warning of the minimum $250 fine for unauthorized parking in the designated disabled accessible parking space is missing entirely.

**VIOLATION of 2010 ADAS § 502.3.** (Access aisles.) The adjacent loading/unloading access aisle must adjoin an accessible route to an accessible entrance. It does not.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Changes in level of ground surface.) Within the only parking space reserved for disabled patrons, the asphalt is uneven, with depressions, dips, divots, and uneven ground. There are sunken parts. There are cracked parts. This makes travelling in this area difficult.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Path from parking – uneven surface.) The path of travel from the designated disabled

parking spaces to the entrance has damaged ground which is uneven. The damaged ground has pavement distresses. Parts of the ground surface are not flush. The surface of the ground within the designated path of travel leading into the entrance is not flat. This makes traveling in this area difficult. The path of travel from the designated disabled parking spaces to the entrance runs into these pavement distresses which have caused changes in level greater than one-half inch, but no ramp is provided. These steep changes in level create uneven surfaces. The types of pavement distresses which exist include but are not limited to: alligator (fatigue) cracking, joint reflection cracking, potholes, asphalt bleeding, patching near utilities, block cracking, raveling, stripping, corrugation and shoving, and depressions. These pavement distresses are made worse and exacerbated by designs which do not follow the ADAAG. These areas should be fixed immediately because they are also a tripping and falling hazard.

**VIOLATION of 2010 CBC § 1129B.3.1; 2010 ADAS § 502.6; ADAS § 4.6.3.** (Marked path of travel.) There is no marked path of travel from the disabled parking space to the entrance. There is no safe way for Plaintiff to park there and then travel to the entrance of the Property. Plaintiff is forced to travel a dangerous route, behind parked cars and in the vehicle drive path

to move from the space to the entrance.

**VIOLATION of 2010 CBC § 1133B.7.1; 1991 ADAS § 4.3.8.**  (Walks/ sidewalks – changes in level.) The walk leading into the business does not have a continuous common surface because there are abrupt changes in level of more than one-half inch.

**VIOLATION of 2010 CBC § 1133B.5.1; 1991 ADAS § 4.8.1.** (Ramps.) The accessible route of travel has a slope greater than 1:20 (5%) but is not a compliant ramp.

**VIOLATION of 2010 CBC § 1133B.5.2.** (Minimum width of ramps.)  The ramps do not have a minimum clear width of forty-eight (48) inches.

**VIOLATION of 2010 CBC § 1133B.5.3; 1991 ADAS § 4.8.2.** (Least possible slope of ramp.) The least possible slope is not used for the ramp leading into the business.

**VIOLATION of 2010 CBC § 1133B.5.3.1; 1991 ADAS § 4.8.6.** (Maximum cross slope of ramp.) The cross slope of the ramp was greater than 2%.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4.** (Level ramp landings.) Level ramp landings must be provided at the top and bottom of each ramp. They are not provided.

**VIOLATION of 2010 CBC § 1133B.5.4; 1991 ADAS § 4.8.4(1).** (Width of ramp landings.) The landing of ramps must be at least as wide as the ramp run leading to it, but they are not.

**VIOLATION of 2010 CBC § 1133B.5.4.2; 1991 ADAS §§ 4.8.4(2), 4.8.4(3).** (Minimum landing width and length for top ramp landings.) The ramp's top landing is not sixty inches (60") wide and long as required.

**VIOLATION of 2010 CBC § 1133B.5.4.2.** (Minimum landing length for bottom ramp landings.)  The ramp's bottom landing is not seventy-two inches (72") in length as required.

**VIOLATION of 2010 CBC § 1133B.5.4.6; 1991 ADAS § 4.8.4(3).** (Minimum landing size for change of direction in ramp.)  The change of direction in the ramp does not have a minimum landing size of 60" x 60".

**VIOLATION of 2010 CBC § 1127B.5.7; 1991 ADAS § 4.7.7.** (Detectable warnings - curb ramp.) Detectable warnings extending the full width and depth of the ramp are not installed where curb ramps lead to an accessible route.

**VIOLATION of 2010 ADAS § 404.2.4.4.** (Slope of ground surface within clearances.) Floor or ground surface within required maneuvering clearances shall not have a slope exceeding two (2) percent. The entryway into the business has a slop greater than two (2) percent.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Interior changes in level.) Inside the store there were changes in the ground level of greater than one-half inch but provided no ramps. This makes traversing this area difficult. The ground had rocks and concrete which were not flush.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Front entrance - interior changes in level.) Inside the store, the front door entrance had changes in level greater than 1/2 inch but provided no ramps. This made traversing this area difficult.

**VIOLATION of 2010 CBC § 1133B.7.4; 2010 ADAS § 303.3.** (Front door

entrance threshold and weather strip changes in level.)  Inside the building, the front door entrance threshold and weather strip has changes in level greater than one-half inch but provides no ramps.  This makes traversing this area difficult.

**VIOLATION of 2010 CBC Section 1118B.1; ADA 4.2.1.** (Lack of clear floor space). The floor space lacked clear width of thirty-two (32) inches at multiple points and thirty-six (36) inches continuously, as is required.  This is true of product displays, areas around the counter, and interior paths. Plaintiff cannot get around inside the business, because Plaintiff is blocked by product displays.

**VIOLATION of 2010 CBC § 1133B.1.1.1.3; 2010 ADAS § 302.2.** (Carpet.) Carpets and mats must be securely attached to a stable surface. Carpeting must be securely attached so that it does not shift or buckle against wheeled traffic. The carpet and/or mat inside the business is not secure and can cause rolling and buckling. Rolling or buckling occurs when carpet is not properly secured and makes wheelchair maneuvering very difficult. It also creates a tripping hazard for those using walkers and canes.

**VIOLATION of 2010 CBC § 1122B.5;1991 ADAS § 7.2; 2010 ADAS §**

**904.** (Transaction counters.) There is no lowered counter that is free and clear of clutter for disabled persons whose line of sight is lower. There was no lowered, 36 inches or less, transaction counter for use by persons who cannot see high surfaces because of their disability. Without a lowered transaction counter, it is difficult for Plaintiff to use the counter to conduct business at the Property.

21.     Plaintiff personally encountered these barriers.

22.     These inaccessible conditions denied Plaintiff full and equal access and caused difficulty, humiliation and frustration.

23.     The barriers existed during each of Plaintiff's visits in 2020.

24.     Plaintiff alleges that Defendants knew that the architectural barriers prevented access. Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access and that the noncompliance with the ADAAG and Title 24 of the California Building Code regarding accessible features was intentional.

25.     Plaintiff intends to return to Defendants public accommodation facilities in the near future. Plaintiff is currently deterred from returning because of the knowledge of barriers to equal access that continue to exist at Defendants' facilities that relate to Plaintiff's disabilities.

26.     Defendant has failed to maintain in working and useable conditions those features necessary to provide ready access to persons with disabilities.

27.     Defendants have the financial resources to remove these barriers without much expense or difficulty in order to make their Property more accessible to their mobility impaired customers. These barriers are readily achievable to

remove. The United States Department of Justice has identified that these types of barriers are readily achievable to remove.

28.     To date, Defendants refuse to remove these barriers.

29.     On information and belief, the Plaintiff alleges that the Defendants' failure to remove these barriers was intentional because the barriers are logical and obvious. During all relevant times Defendants had authority, control and dominion over these conditions and therefore the absence of accessible facilities was not a mishap but rather an intentional act.

30.     These barriers to access are described herein without prejudice to Plaintiff citing addition barriers to access after inspection by plaintiff's access agents, pursuant to *Doran v 7-ELEVEN, Inc.* 524 F3d 1034 (9th Cir. 2008) (holding once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them).

## IV. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)

(Against All Defendants)

31.     Plaintiff alleges and incorporates by reference each and every allegation contained in all prior paragraphs of this complaint.

32.     Title III of the ADA prohibits discrimination against any person on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, operates a place of public accommodation. U.S.C. § 12182(a).

33.     Defendants discriminated against Plaintiff by denying "full and equal

enjoyment" and use of the goods, services, facilities, privileges or accommodations of Defendant's facility during each visit and each incident of deterred visit.

34.    The acts and omissions of Defendant herein are in violation of Plaintiff's rights under the ADA and the regulations under 28 C.F.R. Part 36, *et seq.*

35.    Pursuant to the ADA discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileged, advantages or accommodation to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

36.    The ADA prohibits failing to remove structural architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36.

37.    In the event removal of any barrier is shown to not be readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

38.    Plaintiff alleges that Defendant can easily remove the architectural barriers at their facility without much difficulty or expense, and that Defendant violated the ADA by failing to remove those barriers because it was readily achievable to do so. There are companies in the area which can repaint the parking areas for as little as $350. Defendants can afford such costs given they are a fraction

18

COMPLAINT

of what the Defendants takes in rental profits for such a large and expensive property.

39.     In the alternative, if it was not "readily achievable" for Defendants to remove the facilities barriers, the Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

40.     On information and belief, the facility was modified after January 26, 1992, mandating access requirements under the ADA.

41.     The ADA requires that facilities altered in a manner that affects or could affect its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. §12183(a)(2).

42.     Plaintiff alleges that Defendants altered the facility in a manner that violated the ADA and was not readily accessible to physically disabled persons, including Plaintiff, to the maximum extent feasible.

43.     The ADA also requires reasonable modification in policies, practices, or procedures when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

44.     Plaintiff alleges that Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the facility when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

45.     Plaintiff seeks a finding from this Court that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act for Disable Persons Act.

46.     Here the Defendants' failure to make sure that accessible facilities were available and ready to be used by the Plaintiff is a violation of law.

47.     Plaintiff would like to continue to frequent Defendants' facility because of because it is close to his home, but Plaintiff has been discriminated against and continues to be discriminated against because of the lack of accessible features.

48.     Among the remedies sought, Plaintiff seeks an injunction order requiring compliance with the state and federal access laws for all the access violations that exist at the Property.

## V. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH ACT (Cal. Civ. Code § 51-53.)

### (Against All Defendants)

49.     Plaintiff repleads and incorporates by reference, as fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

50.     California Civil Code § 51 states, in part: All persons within the jurisdictions of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

51.     California Civil Code § 51 also states, in part: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

52.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

53.     The Unruh Act also provides that a violation of the ADA, or California

state accessibility regulations, is a violation of the Unruh Act. Cal Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F. Supp. 433, 439 (N.D.Cal.1994).

54.     Defendants' above-mentioned acts and omissions have violated the Unruh Act by denying Plaintiff rights to full and equal use of the accommodations, advantages, facilities, privileges and services they offer, on the basis of Plaintiff's disability.

55.     Defendants' above-mentioned acts and omissions have also violated the Unruh Act by denying Plaintiff rights to equal access pursuant to the ADA and are liable for damages. (Civ. Code § 51(f), 52(a)).

56.     Because violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the Plaintiff, the Defendants are also each responsible for statutory damages, such as a civil penalty. (Civ. Code § 52).

57.     Plaintiff was actually damaged.

//
//
//
//
//
//
//
//
//
//
//

COMPLAINT

58.     Plaintiff was damaged by Defendants' wrongful conduct and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans for Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Person Acts.

2. Damages under the Unruh Civil Rights Act which provides for actual damages and a statutory minimum of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code § 52.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: December 10, 2020          THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:     /s/ Peter Shahriari, Esq.
        PETER SHAHRIARI, ESQ.
        Attorney for Plaintiff George Jones

22
COMPLAINT